THE STATE vs. WM. HOGAN.

*Indictment.     Buying and receiving stolen goods, knowing them to have been stolen.*

Where two distinct felonies are charged upon the prisoner in one indictment, the Court may *before* plea, quash the indictment, or *after* plea, compel the prosecutor to elect, on which charge he will proceed.

But this rule is to be exercised by the Court in its discretion, and will be enforced, when the prisoner may be confounded in his defence, or prejudiced in his challenges, or where the attention of the Jury will be distracted by such joinder.

And it does not apply, unless the charges are *actually distinct*, and grow out of different transactions.

The Court will not compel the prosecutor to elect upon an indictment charging prisoner with *larceny*, and *receiving stolen goods, &c.* where it appears by the indictment, that the charges relate to the same transaction, modified to meet the proof.

## By ROBERT M. CHARLTON, Judge.

THERE are three counts in this Indictment, and the counsel for defendant allege, that the first count charges him, with being a principal in the second degree in the larceny ; the second count, with being an accessory *after* the fact, in buying and receiving stolen goods, knowing, &c. and the third count, with being an accessory *before* the fact : and they now move, that the Solicitor General may be put to his election, on which of these counts, (or distinct felonies, as they term them,) he will proceed.

In order to determine this question properly, it is necessary to ascertain the rule, contended for by the prisoner's counsel. It is said, in the books, that if two *distinct* felonies are charged upon the prisoner, in one indictment, the Court will, *before plea,* quash the indictment, or *after plea,* compel the prosecutor to elect on which charge he will proceed. This is matter of discretion and prudence, however, which it rests with the Court to exercise. In point of law, there is no objection to several distinct felonies of the

same degree, though committed at different times, being joined in the same indictment, against the same offender. (1 *Chitty's* C. L. 253.) But if the Court perceives, that by this means, the prisoner will be confounded in his defence, or prejudiced in his challenges, or that the attention of the Jury will be distracted, it will listen to such request, and compel the prosecutor to elect.

But this rule only applies where the charges are *actually distinct*. Mr. *Chitty* says, (1 C. L. 248,) that it is advisable, when the crime is of a complicated nature, or it is uncertain whether the evidence will support the charge precisely as laid, to insert two or more counts in the indictment. Thus, it is usual to join a count for feloniously breaking out, with larceny in a dwelling house; and a count for embezzlement, under the 39 George III. *c.* 85, with a count for stealing, at common law: and on an indictment for burglary, to insert one count for a burglarious entry, with intent to steal the goods of A. B.; another count for the same burglary, with intent to steal the goods of another person; and a third or more, for a burglary, with intent to ki l and murder. (2 *East.* P. C. 515.) And no doubt can now be entertained, says Mr. *Chitty*, (1 C.L. p. 248,) that this course is as legal as it is advantageous. He adds, that the introduction of several counts, therefore, which merely describe the same transaction in different ways, cannot be made the subject of objection.

The true distinction is, as I apprehend, not whether distinct felonies are charged, but whether those charges are *actually distinct*. Every separate count should charge the defendant, as if he had committed a distinct offence, because it is upon the principle of the joinder of offences, that the joinder of counts is admitted. (1 Ch. C. L. 249.) If it be in fact the same transaction, merely described in different ways, to meet the evidence that may be given, how can the defendant be confounded in his defence, or prejudiced in his challenges? How can the attention of the Jury be distracted? The Jury are trying him for one crime, and it is their duty to ascertain to which of the counts in the indictment, the evidence is

applicable. In *The People* vs. *Johnson*, (2 Wheel. C. C. 365,) the Court declared, upon a similar objection to the present, that it was obvious, that the indictment contained but one charge, although modified to meet the proofs in the different counts. In that case, a stranger having been murdered, and his name not being certainly known, the prisoner, his supposed murderer, was charged, in one count, with killing one *Murray*; in a 2d count, with killing one *Maury*; in a 3d count, with killing *Clark*; 4th, with killing a person unknown, &c. It was strongly urged, that it could not appear to the Court, that all these names belonged to the same person, or that the charges related to the same transaction; but the Court declaring that it was obvious that it was the same charge, said they could see no hardship upon the prisoner, and compelled him to plead. In the present indictment, the goods, in the three counts, are alleged as the property of the same person; to have been feloniously received from the same individual, at the same time, and the same place, and the goods charged to have been received, are the same in each count. Is not this one transaction? How can the defendant be surprised or confounded? He has had notice for months of the nature of the charge against him; he has had an opportunity of procuring witnesses who could speak as to the whole of the transaction, and his means of defence are as ample, as if the charges were contained in different indictments. The fact that he does not know what count the State may eventually have to rely on, cannot prejudice him the more in the one case, than in the other. If he is ready with all his witnesses, to speak to the transaction, as he ought to be, he cannot be injured by the joinder. The defendant's counsel say, that they cannot tell, on this indictment, what witnesses it may be necessary for them to have; and would there be any difference, in this respect, if the charges were contained in different indictments? Could he tell which would be tried first? Would he not be bound to be ready on all?

My attention has been called to several late cases, determined in England. (*Galloway's* case, 1 Moody, C. C. 234. *Madden's* case,

ibid. 277. *Flowers'* case, 3 C. & P. 413.) In all of which it was ruled, that the prosecutor should be put to his election, upon an indictment containing counts, charging the same individual, both as the principal *felon*, and as the *receiver* of the same goods. Upon what principle these decisions proceeded, the books we have, do not enlighten us. Whether they proceed upon the principle before adverted to, or are founded on any local statute, or special rule, we cannot ascertain, since all we find concerning them, leaves us in doubt. In *Roscoe's* Crim. Ev. p. 721, the decisions are given, but the reasons are not assigned, and although *Flower's* case is mentioned in the 14 Eng. Common Law Reports, p. 374, yet the mere marginal note of the case is given. It might be fair to infer, from the case itself being omitted, that the rule was for some reason, inapplicable to this country, since that publication is intended to include every thing that could be applicable here.

I have but little doubt that these decisions are founded on the provisions of the statute of 7 and 8 Geo. IV. C. 29, by which it is enacted, that the receiver of stolen goods, shall be guilty of felony, and may be indicted and convicted *either* as an accessory after the fact, *or* for a substantive felony, " provided always, that no person howsoever tried for receivin as aforesaid, shall be liable to be prosecuted a second time, for the same offence." If these cases are founded on any local statute, they are of course not applicable, and if they are based on the general principle before stated, I am still at a loss to discover, why they so particularly object to the joinder of counts for stealing, and receiving goods stolen, whilst other felonies or charges, equally liable to the objection, are not brought within the vortex of the rule. The same objection might be raised to the joinder of murder with manslaughter, burglary and larceny ; since though the charges grow out of the same transaction, they are charged as distinct felonies, and the defence may be different.

This point has been expressly adjudicated by my immediate pre-

[The State *vs.* Hogan.]

decessor, in the case of the *State* vs. *Ann Ratigan.* The indictment in that case contained two counts—one for larceny from the house, and the other for receiving stolen goods, knowing them to have been stolen. The objection raised in this case, was there made and argued, but the Court refused to compel the prosecutor to elect, and the prisoner was found guilty of *simple larceny.*

Upon the precedent established by this Court; with reference to the reason of the rule, and with the perfect assurance, manifest from the indictment itself, that the counts relate to the same transaction, modified to meet the proof; satisfied that there can be no prejudice to the prisoner in his defence, or confusion in his challenges, and that the attention of the Jury cannot be distracted by listening to the same transaction, I cannot accede to the motion of the counsel for the prisoner, to compel the Solicitor General to elect on which of these counts he will proceed.

Motion denied.

McAllister & Henry, for the motion—J. E. Ward, (Solicitor General,) contra.

---

See also *Rex* vs. *Towle*, et. al. *Russ. & Ry.* 233. (*Green's* Jurist ed.)—(*Ed.*)